IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN KEVIN ZUTELL, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-1254-CFC |
| DR. AWELE MADUKA, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington this 22nd day of February, 2021;

1. On January 19, 2021, the Court entered an order for Plaintiff to file responses to Defendants' motions to dismiss on or before February 19, 2021. (D.I. 22) Plaintiff was placed on notice that his failure to file responses to the motions to dismiss would result in dismissal of the case for failure to prosecute. (*Id.*) Plaintiff failed to file oppositions to the motions to dismiss.

2. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

3. The following six factors determine whether dismissal is warranted: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the

effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense.  *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019).   The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action.  *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

4. Several factors warrant the sanction of dismissal including Plaintiff having taken no action since June 18, 2020, Defendants having filed motions to dismiss and Plaintiff having failed to oppose the motions, Plaintiff having failed to comply with this Court's January 19, 2021, and Plaintiff's apparent abandonment of the case.   Upon consideration of the *Poulis* factors, the Court concludes that the factors weigh in favor of dismissal and that Plaintiff has failed to prosecute this case.

THEREFORE, IT IS ORDERED that:

1. Defendants' motions to dismiss are **DENIED** as moot.   (D.I. 16, 20)

2. The Complaint is **DISMISSED** without prejudice for Plaintiff's failure to prosecute this case.

3. The Clerk of Court is directed to **CLOSE** the case.

_____
UNITED STATES DISTRICT JUDGE